VAN D. PATEL, C. M. COX, *et al.,* v. MRS. JULIA DANIEL, joined by her husband, B. L. Daniel, as next friend.

184 So. 108.
Division A.
Opinion Filed October 10, 1938.
Rehearing Denied November 8, 1938.

C. M. Cox, for Appellants;

Cecil A. Rountree, for Appellee.

BUFORD, J.—The appeal is from final decree of foreclosure of a chattel mortgage subsequent to decree *pro confesso* entered by the court.

A motion to dismiss the bill of complaint had been filed and denied. Thereafter motion to strike parts of the bill of complaint was filed, after which time, and after notice, complainant moved for the entry of decree *pro confesso* by the court, which motion, after hearing on same, was granted.

It may be that the appellants, defendants below, had a meritorious defense touching the priority of complainant's alleged lien but if they had such defense it was not interposed either by answer or motion for compulsory amendment. The motion to strike was without merit and the granting of motion for a decree *pro confesso*, notwithstanding such motion, was without error.

The contention made that a *chattel* mortgage executed to secure a certain debt cannot upon the payment and discharge of that debt by parol agreement between the parties be made to apply to and secure the payment of a subsequently created debt as between the parties and others with notice, is not tenable; but the effectiveness thereof to secure the payment of the subsequently created debt would date from the time of the creation of the latter indebtedness, and what was a second mortgage, as to the involved mortgage, while it was securing the first debt, might become a prior lien to that mortgage when it became security for the second debt. The question of such priorities was not presented in the court below and there is nothing in the record on which we may base an adjudication contrary to the decree.

The entire record fails to disclose reversible error, so the decree is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.