HORTON, Judge.
The appellant, who was a defendant below, appeals from a final decree of foreclosure in favor of the appellee Vera Mc-Cann.
Vera McCann sued in equity to foreclose an alleged lien on eight trucks owned by the McCann Plumbing Co. On January 7, 1958, Vera McCann made a loan to McCann Plumbing Co., a Florida corporation, in the amount of $13,000. Her husband, Howard McCann, was the president of the company. Vera McCann was-also an officer of the McCann Plumbing-Co., but not a stockholder. The complaint, alleged that prior to her marriage, Vera. McCann had saved from her earnings and from a bequest some $18,000 to $20,000-which she and her husband used to buy war bonds. It was by cashing some of these bonds that she obtained the money for the-loan. No written evidence of the loan, or the corporation’s agreement to repay was-introduced at the trial. From the testimony it would appear that the transaction was entirely oral. There were exhibited certain, title certificates which showed Vera Mc-Cann to be a first lienholder on the vehicles-to the amount of $13,000. In an attempt to-comply with the terms of §§ 319.15 and *633 319.27, Fla.Stat., F.S.A., Howard McCann caused notices of this lien to be filed with the State Motor Vehicle Commissioner who noted them on the title certificates of the vehicles. From the testimony it would seem, though it is not clear, that Howard McCann executed these notices. It is clear that Vera McCann did not.
In early March, 1959, appellant filed suit against McCann Plumbing Co. in the civil court of record to recover for certain goods sold and delivered. At this time, the balance due appellee on her original loan to McCann Plumbing Co. was $4,716.59. In March, 1959, appellee, with knowledge of the pendency of appellant’s suit, loaned McCann Plumbing Co. an additional $6,-700 and claimed the original oral lien as security for this advancement. On August 27, 1959, a final judgment for $4,595.81 was entered in favor of the appellant. A writ of execution was thereafter issued and levied on the eight motor vehicles owned by McCann Plumbing Co.
Vera McCann then brought this suit to foreclose her oral lien on the eight vehicles, asking for an accounting and seeking to enjoin the sale under execution of the vehicles by the appellant. Upon a final hearing, the chancellor entered the final decree appealed.
Though the testimony of Vera McCann indicates that she was unsure of the nature of the agreement between her and McCann Plumbing Co., the record would indicate that the transaction was treated by the parties as an oral chattel mortgage. An oral chattel mortgage is generally valid as between the parties and as to those with notice, provided it contains all the essential elements of a written mortgage. See 10 Am.Jur., Chattel Mortgages, § 52, and cases cited therein; Patel v. Daniel, 134 Fla. 503, 184 So. 108.
No question of actual notice of the oral mortgage on the part of appellant was alleged or proven and such notice as there was would have been constructive. The question here thus resolves itself into one of whether or not appellant can be considered to have been on notice of ap-pellee’s oral mortgage by reason of the notation contained on the certificates of title to the vehicles. We feel that it cannot.
The appellee contends the notations contained on the title certificates constitute compliance with the terms of §§ 319.15 and 319.27, supra, sufficient to raise in her a statutory lien on the vehicles and placed appellant on constructive notice of the existence of such a lien. We shall first dispose of this contention.
Neither § 319.15 nor § 319.27 by their terms create statutory liens on motor vehicles. They are notice or recording statutes, designed to place a potential creditor or purchaser on notice of the fact that there is a prior existing lien on a motor vehicle by containing a notation of same on the title certificate as the result of the lienholder’s compliance with other provisions of the statutes. Further, § 319.15 has no application to the case at bar for the reason that § 319.27(1) and (4) by their terms limit the application of § 319.15 to transactions occurring before August 1, 1949. See Livingston v. National Shaw-mut Bank of Boston, Fla.1952, 62 So.2d 13, 14. The transaction in the instant case took place in 1958. Thus, we are concerned with the scope and effect of § 319.27. Section 319.27(2) provides, inter alia:
“Any mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument made after August 1, 1949, and covering a motor vehicle required to be registered, if a notation of the lien or encumbrance has been made by the commissioner on the face of the certificate of title for such vehicle, shall be valid as against the creditors of the mortgagor whether armed with process or not and subsequent purchasers, mortgagees and other lien holders or claimants, but otherwise shall not be valid against them.” [Emphasis supplied.]
*634 A thorough reading of § 319.27 and its companion, § 319.31(8), Fla.Stat., F.S.A., as well as the other sections of the Florida Statutes relating to recording,[1] leads to the conclusion that an oral agreement is not the type of transaction contemplated by the statute as entitled to record. All of these statutes by their terms contemplate some form of written instrument. Witness the terms of § 319.27: “Any mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument * * [Emphasis supplied.] Therefore, we are here faced with an oral agreement for a lien not entitled to record but which, in fact, has been recorded. It has been generally held that an instrument not entitled to record does not by its recordation constitute constructive notice. See Edwards v. Thom, 25 Fla. 222, 5 So. 707; McKeown v. Collins, 38 Fla. 276, 21 So. 103. Records must be made pursuant to law and not in disregard thereof and the making of erroneous entry in record by a ministerial officer does not afford any protection to one relying upon such erroneous entry. See Buscher v. Mangan, Fla.1952, 59 So.2d 745. See also In re Atlantic Beach Corp., D.C.S.D.Fla.1917, 244 F. 828.
Admittedly the agreement for the lien on the vehicles was oral. The motor vehicle statutes as we construe them do not create liens on motor vehicles but merely establish a method, place and procedure for recordation. These statutes by their terms contemplate the recordation of instruments constituting liens on automobiles. The statutes impliedly, if not by actual terms, require the holder of the lien to furnish the necessary and required information under oath before the lien is entitled to record. This admittedly was not done by the holder, Vera McCann. There was a' total failure of proof by Vera McCann of her compliance with the applicable provisions of the motor vehicle statutes to entitle her alleged lien to be recorded or noted on the certificate of title, and failing this, such notation as was erroneously placed thereon was not constructive notice of which the appellant could in law be charged.
Accordingly, the decree appealed is reversed and the cause remanded with directions to dismiss the complaint.
Reversed and remanded with directions.

. See Chapters 695, 696, 698, Fla.Stat., F.S.A.; §§ 28.21 and 28.22, Fla.Stat, F.S.A.