**In re Joseph G. MULLEN, Jr., Bankrupt.**

**Morton KOSTO, Trustee, Plaintiff,**

v.

**Joseph G. MULLEN, Jr., and George W. Hollowell, Defendants.**

**Bankruptcy No. 79–657–ORL–BK–M. Adv. No. 1.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

July 21, 1980.

Morton Kosto, Orlando, Fla., for plaintiff.

Andrew Baron, Orlando, Fla., for defendants.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This is an action to determine the validity, extent, and priority of a lien. Defendant has a lien noted on the title of an automobile owned by the debtor. The Trustee claims that the lien is invalid and thus subordinate to his rights as a hypothetical lien creditor.

Plaintiff argues that because there is no written agreement to support the claimed security interest, it is invalid under the Rule enunciated in *Coplan Pipe & Supply Co. v. McCann*, 132 So.2d 632 (Fla.3d DCA 1961). The defendant states that he and the lienor lived together and jointly used the automobile and under the UCC

there is possession which precludes the necessity of a written security agreement. The Court does not reach the factual issue of whether the instant circumstances constitute possession within the meaning of UCC § 9–305 and holds that, as a matter of law, a security interest in an automobile can be perfected only by following the provisions of the Florida Motor Vehicle titling laws.

Article 9 of the UCC provides two methods of perfecting a security interest: the filing of a financing statement or the possession of the collateral by the secured party. There is not always an alternative; by the terms of the applicable provisions §§ 9–302 and 9–305, security interests in all types of collateral cannot be perfected in both of these ways. For example, the comment to § 9–305 states that a security interest in accounts or general intangibles may only be perfected by filing. By the same token, the Florida codification of § 9–302, *Florida Statute* 679.302(3), states: "The filing of a financing statement otherwise required by this Chapter *is not necessary or effective* to perfect a security interest in property subject to . . . (B) the following statutes of this State; Chapters 319 and 371 . . . ." Section 319.27(2), *Florida Statutes,* states: "No liens for purchase money or as security for a debt . . . upon a motor vehicle . . . upon which a certificate of title has been issued in this state shall be enforceable . . . unless . . . such lien has been noted upon the certificate of title . . . ." The question the Court faces here is whether a security interest in an automobile unperfected by filing or notation may otherwise be perfected by possession.

Section 319.27 envisions a unitary scheme for the perfection of security interests in motor vehicles. The statute specifically states that no unnotated liens shall be enforceable. The Court does not construe the words "no lien" to mean "no non-possessory liens." Therefore, it deems the specific provisions of Ch. 319 to take precedence over the general provisions of § 679.305.

The issue then is whether the security interest claimed by the defendant is properly perfected under § 319.27 when there is no underlying written security agreement or debt instrument. The Court is compelled to follow the holding in the *Coplan Pipe* case, in which the state court held that oral liens are not entitled to records.

There, the plaintiff sought to foreclose an oral lien on vehicles and to enjoin a sale under execution of the vehicles by a judgment creditor. Although the liens were recorded on the motor vehicle titles, they were held to be invalid. The Court stated:

Neither § 319.15 nor § 319.27 by their terms create statutory liens on motor vehicles. They are notice or recording statutes, designed to place a potential creditor or purchaser on notice of the fact that there is a prior existing lien on a motor vehicle by containing a notation of same on the title certificate as the result of the lienholder's compliance with other provisions of the statutes.

.     .     .     .     .

A thorough reading of § 319.27 and its companion, § 319.31(8), Fla.Stat., F.S.A., as well as the other sections of the Florida Statutes relating to recording, leads to the conclusion that an oral agreement is not the type of transaction contemplated by the statute as entitled to record. . . Therefore, we are here faced with an oral agreement for a lien not entitled to record but which, in fact, has been recorded. It has been generally held that an instrument not entitled to record does not by its recordation constitute constructive notice. [Citations omitted.]

132 So.2d at 633–634.

Wherefore, in accordance with the foregoing discussion, the Court shall separately enter a final judgment in favor of the plaintiff.