Mr. Victor J. Troiano Attorney for Clerk of the Circuit Court of Polk County Post Office Drawer 829 Lakeland, Florida 33802
Dear Mr. Troiano:
On behalf of Mr. E. D. "Bud" Dixon, Clerk of the Court of the Tenth Judicial Circuit of Polk County, you have asked subtantially the following question:
Is the clerk of the circuit court required to record documents which are not specified in s. 28.222, F.S., or any other section of the Florida Statutes?
In sum:
The clerk of circuit court may not accept any document for recording in the official records of the county which the law does not authorize or require him or her to record.
You state that recently the clerk's office has been receiving a large number of documents for recordation which are not identified in s. 28.222, F.S., or authorized or required to be recorded by other statutes. These documents have included living wills, child custody agreements entered into between the parties themselves without court approval, foreign state birth certificates, foreign country birth certificates, and documents written in a foreign language without an English translation. The clerk of circuit court is concerned that filing all original documents which are presented for recording, without regard for legal requirements for filing or consideration of the nature of the document, will create confusion in the official records.
Pursuant to s. 28.222, F.S., the clerk of the circuit court is the recorder of all instruments "that he may be required or authorized by law to record" in the county which he serves as clerk.[1] All instruments are to be recorded in one general series of books designated the "Official Records."[2] The clerk is statutorily required to record the following kinds of instruments:
(a) Deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, tax executions, and other instruments relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it; extensions, assignments, releases, cancellations, or satisfactions of mortgages and liens; and powers of attorney relating to any of the instruments. (b) Notices of lis pendens . . . . (c) Judgments, including certified copies of judgments, entered by any court of this state . . . and assignments, releases, and satisfactions of the judgments. (d) That portion of a certificate of discharge, separation, or service which indicates the character of discharge, separation, or service of any citizen of this state with respect to the military, air, or naval forces of the United States. . . . (e) Notices of liens for taxes payable to the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States. (f) Certified copies of petitions, with schedules omitted, commencing proceedings under the Bankruptcy Act of the United States . . . . (g) Any other instruments required or authorized by law to be recorded.[3]
This office has previously stated that the clerk of circuit court, although a constitutional officer, possesses only such powers as have been expressly or by necessary implication granted by statute.[4] The clerk of court's power to act must clearly appear from the particular statute and record to which it applies.[5]
Further, because of the statutory nature of the clerk's authority, his official actions, in order to be binding upon others, must be in conformity with such statutes.[6]
In this regard, s. 28.222(1), F.S., provides that the clerk of the circuit court shall be "the recorder of all instruments that he may be required or authorized by law to record in the county where he is clerk." As such, the clerk is directed to record in the official records of the county the kind of instruments specifically enumerated in s. 28.222, F.S., and any other instru-ments or certified copies of instruments required or authorized by law to be recorded in the official records of the county.[7]
A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[8]
Thus, the statutory direction that only those instruments re-quired or authorized by law may be recorded constitutes a prohibition against recording other types of instruments. In addition it is the general rule that records must be made pursuant to law and not in disregard thereof.[9]
Therefore, it is my opinion that the clerk of circuit court is not obligated to record any document or instrument which is not specifically required or authorized to be recorded by s. 28.222, F.S., or other provision law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 28.222(1), F.S.
[2] Section 28.222(2), F.S.
[3] Section 28.222(3), F.S.
[4] See, AGO's 86-38, 80-59, 79-70, and 78-95.
[5] Ferlita v. State, 380 So.2d 1118 (2 D.C.A. Fla., 1980); Pan American World Airways v. Gregory, 96 So.2d 669 (3 D.C.A. Fla., 1957).
[6] Security Finance Company v. Gentry, 109 So. 220 (Fla. 1926); Overholser v. Overstreet, 383 So.2d 953 (3 D.C.A. Fla., 1980). See generally, 14 C.J.S. Clerks of Courts s. 33 (1939).
[7] For examples of other documents authorized by law to be recorded, see, e.g., s. 28.29, F.S. (recording of orders and judgments of the courts in the official records); s. 55.10, F.S. (liens on real estate when a certified copy of a judgment, order, or decree is recorded in the official records); and s. 695.15, F.S. (recording conveyances lost by fire).
[8] Alsop v. Pierce, 19 So.2d 799, 804-805 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[9] Coplan Pipe and Supply Company v. McCann, 132 So.2d 632