In re William G. BENNETT, Jr., Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

Sandra BENNETT, Defendant.

Bankruptcy No. 96–34424–BKC–SHF.
Adv. No. 97–0120–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

April 30, 1997.

Michael R. Bakst, trustee.

Bruce Parrish, West Palm Beach, FL, for debtor.

Sandra Bennett, pro se.

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF THE TRUSTEE

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court March 31, 1997, for hearing on the motion of the Chapter 7 Trustee for summary judgment. The Chapter 7 Trustee, Daniel L. Bakst (the "Trustee"), filed a two count complaint against the Defendant, Sandra Bennett ("Bennett") seeking to determine the validity, priority and amount of Bennett's security interest on the Debtor's automobile and to avoid a preferential transfer. The Trustee seeks summary judgment on the first count—a determination of the validity, priority and amount of Bennett's security interest. The parties acknowledge that there are no disputed issues of material fact and that summary judgment is appropriate. Having considered the argument of counsel, the submitted case law, and for the reasons set forth below, the Court grants summary judgment in favor of the Trustee.

■ Bennett is the ex-wife of William Bennett, the Chapter 7 Debtor (the "Debtor"). On or before July 24, 1996, Bennett loaned the Debtor $9,000 to purchase an automobile. On July 24, 1996, the Debtor executed a Promissory Note in favor of Bennett reflecting his obligation to pay Bennett $9,000 on or before July 24, 1999. The Promissory Note contains no language granting Bennett a security interest in the automobile. However, the Certificate of Title for the automobile lists Bennett as the first lienholder. The Trustee contends that Bennett's security interest is not valid because there is no express grant of a security interest within the promissory note. The Trustee cites to three cases to support his position; *Coplan Pipe and Supply Company v. McCann*, 132 So.2d 632 (Fla. 3rd DCA 1961); *In re Mullen*, 4 B.R. 748 (Bankr.M.D.Fla.1980); and *In re Jenes*, 18 B.R. 498 (Bankr.S.D.Fla.1982), and asserts that these cases are indistinguishable from the present case. The Trustee is mistaken. Each of the cited cases is distinguishable from the present case. But, the Trustee is correct that each of these cases states that an oral agreement to grant a security interest is insufficient to create a security interest on a vehicle.

In each of the cited cases, the courts first looked to Florida Statute Section 319.27 which provides—

No lien for purchase money or as security for a debt in the form of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument upon a motor vehicle or mobile home upon which a Florida certificate of title has been issued shall be enforceable in any of the courts of this state against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien has been filed in the department and such lien has been noted upon the certificate of title.

In *McCann*, the defendant loaned money to her husband's company for the purchase of vehicles. There was no written evidence of the loan or the corporation's agreement to repay. In an attempt to secure the loan, the defendant's husband, not the defendant, caused notices of the defendant's security interest to be filed with the State Motor Vehicle Commissioner who noted the security interests on the title certificates of the vehicles. The Third District Court of Appeal determined that Florida Statute Sections 319.15 and 319.27 do not, by their terms, create statutory liens but are merely notice or recording statutes. The court concluded that these statutes do not contemplate oral agreements but, rather, some form of written instrument.

Likewise, Judge Proctor, in *Mullen*, faced a similar issue of whether the lack of a written agreement invalidated a creditor's security interest that was noted on the title for an automobile. The court in that case followed *McCann* and determined that a security interest is not properly perfected without an underlying security agreement or debt instrument.[1]

■ In neither *McCann* nor *Mullen* was there a written debt instrument as impliedly required by Florida Statute Section 319.27(2). In this case, there is a written promissory note. This Court is left with the question of whether the execution of a promissory note, together with the delivery of title to Bennett and the recordation of Bennett's lien on the title, is sufficient to establish a valid security interest on the Debtor's automobile. This question can be answered by determining whether the Uniform Commercial Code applies to a security interest in motor vehicles.

Florida Statute Section 679.102 provides—

(1) Except as otherwise provided in s. 679.104 on excluded transactions, this chapter applies:

(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, or accounts.

The creation of a security interest in an automobile is not excluded in Section 679.104.

---

1. Although the Trustee also cites to *In re Jenes*, the Court finds no similarities with the facts in that case and the facts at issue. Thus, a discussion of Jenes would be meaningless.

A leading treatise on the Uniform Commercial Code states:

> Secured transactions in motor vehicles are governed by the same principles as govern secured transaction in other types of collateral insofar as the creation and effect of a secured transaction therein is concerned. The fact that title certificate notation is required in most states to perfect a security interest in a motor vehicle in the hands of the ultimate user has no effect upon the creation of a security interest in a motor vehicle. Thus, Article 9 governs the creation of a security interest in an automobile, even though title certificate notation may be required to perfect the interest.

8A Anderson on the Uniform Commercial Code § 9–203:9 at 758–59 (3d ed.1990).

Florida Statute Section 679.203 sets forth the formal requisites to enforce a security interest. That provision states, in pertinent part—

> [A] security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:
>
> (a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral ...

The Eleventh Circuit, in *Gibson v. Resolution Trust Corp.*, 51 F.3d 1016 (11th Cir. 1995), has stated:

> To create a security interest, parties need only evidence an intent to establish a security agreement. No particular words need be used to evidence the security interest. Rather, the language of the instrument must simply "lead[ ] to the logical conclusion that it was the intention of the parties that a security interest be created."

*Id.* at 1022. In the case of *Matter of Petsch*, 82 B.R. 605 (Bankr.M.D.Fla.1988), the court considered whether the plaintiff in a dischargeability proceeding had an interest in property to which the debtor allegedly caused injury. The court in that case stated:

> The Defendant signed an agreement which was contemplated by the parties to be a security agreement. The agreement contains a description of the Corvette. Value had been given and the Corvette was titled in the Debtor's name. Thus, the parties created a security interest in the vehicle. Fla.Stat. § 679.203 (1987).

*Id.* at 607.

In this case, it appears that the parties intended to create a security agreement. The Debtor executed a promissory note in favor of Bennett, her lien was recorded on the title in conformity with Florida Statute Section 319.27, and Bennett is in possession of the title. However, the promissory note contains no indication of the purpose of the loan, does not describe the collateral and does not "lead[ ] to the logical conclusion that it was the intention of the parties that a security interest be created." Consequently, a valid security interest in the vehicle was not created, rendering Bennett's lien inferior to the Trustee's lien. Accordingly, it is

ORDERED that summary judgment is granted in favor of the Chapter 7 Trustee as to Count I of his complaint.