**In re Jennifer L. CRANDALL, Debtor.**

**No. 06–01696–8W7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 21, 2006.

---

Kimberly R. Angelini, Feinberg, Isaak and Smith, Tampa, FL, for Debtor.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT UNDER NEW YORK LAW, ALLOWING EXEMPTION UNDER 11 U.S.C. § 522(d)(2), AND GRANTING TRUSTEE'S AMENDED MOTION TO COMPEL TURNOVER OF AUTOMOBILE

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

Under section 522(b)(3)(A) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a debtor is entitled to claim exemptions in the state "in which the debtor's domicile has been located for the 730 days preceding the date of the filing of the petition...." If the debtor's domicile was not located in a single state during the 730 days prior to filing, the applicable state law is determined by the location of the debtor's domicile during "the 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than any other place." 11 U.S.C. § 522(b)(3)(A).

In this case, Jennifer L. Crandall ("Debtor") was not domiciled in Florida for the entire 730 days preceding the filing of her petition on April 13, 2006. Rather, the Debtor lived in New York for a portion of that period as well as the 180 days immediately preceding the 730–day period. Accordingly, on her Schedule C the Debtor claimed New York's $2,400 exemption for her automobile as provided for under section 522(b)(3)(A).

But upon review of New York law, New York exemptions are limited to "individual debtors domiciled in this state." N.Y. McKinney's Debtor and Creditor Law § 282. Accordingly, New York exemptions are also not available to this Debtor because she was not domiciled in New York on the date she filed her petition. *See In re Underwood*, 342 B.R. 358, 361 (Bankr.N.D.Fla.2006) (finding debtor who moved from Colorado to Florida less than 730 days to petition filing and who was ineligible to claim Florida exemptions, also ineligible to claim Colorado exemptions because Colorado exemptions were only available to Colorado residents and debtor was no longer a resident of Colorado).

Pursuant to the hanging paragraph in section 522(b)(3), federal exemptions ap-

ply "[i]f the effect of the domiciliary requirement under [section 522(b)(3)(A)] is to render the debtor ineligible for any exemption." Therefore, federal exemptions outlined in section 522(d) apply here, including the federal automobile exemption of $2,950. 11 U.S.C. § 522(d)(2).

Accordingly, the Debtor will be allowed to exempt $2,950 of the value of her automobile. The Debtor and the Trustee agree that the value of the Debtor's 1999 Mercury Minivan is $4,360.00. Thus, it appears that there is equity in the property, which will be available to unsecured creditors.

On Schedule D, however, the Debtor lists her boyfriend, Daniel Arrington, as a secured creditor by virtue of a purchase-money security interest in the vehicle in the amount of $6,652.00. Ordinarily, any lien would be deducted from the value listed by the debtor so that the debtor would be able to apply the exemption to the net equity.

However, as the Trustee points out, the Debtor conceded at the 341 Meeting of Creditors that although a lien appears on the title to her vehicle, the parties never executed a written security agreement. Under Florida law, to grant a security interest there must be a writing granting the security interest. Fla. Stat. §§ 679.1091; 679.2031; 319.27(2). Recordation of a lien on an automobile certificate of title does not create a security interest, it is merely evidence and a manner of perfection of a security interest if such a security interest was in fact granted. *In re Dunlap*, 2006 WL 1313160 *2 (Bankr. M.D.Fla.2006); *In re Bennett*, 208 B.R. 582, 583 (Bankr.S.D.Fla.1997); *Coplan Pipe and Supply Co. v. McCann*, 132 So.2d 632, 634 (Fla. 3d DCA 1961). That did not occur in this case. The automobile must, therefore, be turned over the Trustee for sale subject to the Debtor's right to receive from the sale proceeds the amount of the exemption to which she is entitled under section 522(d)(2). Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. The Trustee's Objection to Debtor's Claim of Exemptions is SUSTAINED to the extent of the Debtor's claim of New York exemptions. The Debtor is entitled to the federal exemption under section 522(d)(2) of the Bankruptcy Code.

2. The Trustee's Amended Motion to Compel Turnover of Automobile is GRANTED. The Trustee is entitled to sell the Debtor's minivan and remit back to the Debtor the federal exemption amount of $2,950, with the balance to be retained by the estate.

3. The Debtor's Motion for Reconsideration of or Relief from Order Sustaining Trustee's Objection to Property Claimed as Exempt is GRANTED.

4. The Debtor shall file an amended Statement of Affairs no later than July 23, 2006, to reflect all addresses of the Debtor within the three years immediately preceding this case.

DONE AND ORDERED.