**In re Bruce H. WEST, Debtor.**

**No. 9:06BK01780ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 18, 2006.

Brian D. Zinn, Goldstein, Buckley, Cechman, Rice & Purtz, Fort Myers, FL, for Debtor.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION
### (Doc. No. 17)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case is an Objection to the Debtor's Claim of Exemption (Doc. No. 17), filed by Diane Jensen, the Trustee of the Chapter 7 estate. It is the Trustee's contention that Bruce H. West (the "Debtor"), is not entitled to claim the federal exemptions under Section 522(d) of the Bankruptcy Code and the Debtor is limited to claiming the exemptions under the laws of the state of Indiana by virtue of Section 522(b)(1)(A).

In due course counsel for the Debtor filed a response to the claim objection, followed by a memorandum of law wherein the Debtor contends that he is entitled to claim the federal exemptions because he is not eligible to claim either the Florida exemptions or the exemptions provided under the law of Indiana.

The facts relevant to the issue raised by the objection to the exemption are without dispute and as appear from the record are as follows:

The Debtor filed his Petition for relief in this Court on April 19, 2006. At the time of filing the Petition the Debtor resided in Bonita Springs, Florida and had been living in Florida since July 2005. Prior to moving to Florida the Debtor was a resident of the state of Indiana.

The Debtor's right to claim exemptions is governed by Section 522(b)(3), which provides that the debtor may exempt:

> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the Petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the Petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period.
>
> . . . .
>
> If the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d).

In support of the Debtor's contention that he is entitled to claim the federal exemptions listed in Section 522(d) because he can claim neither Indiana or Florida exemptions, the Debtor cites the case of *In re Crandall*, 346 B.R. 220 (Bankr.M.D.Fla. 2006). In this case the Bankruptcy Court held that a Chapter 7 debtor who lived in New York prior to moving to Florida and had filed exemptions under New York law was not entitled to claim any New York exemptions since the Debtor was not domiciled in New York on the Petition date as required by the applicable New York statute. The debtor's only remaining option in the *Crandall* case was to use the federal exemptions provided by Section 522(d) because the debtor had not resided in Florida long enough to be entitled to the exemptions under Florida law. *Id.* at 221; accord *In re Underwood*, 342 B.R. 358, 361–62 (Bankr.N.D.Fla.2006). The Debtor also cites the case of *In re Jewell*, 347 B.R.

120 (Bankr.W.D.N.Y.2006), for the same proposition. The debtor in *Jewell* did not reside in the state of New York for 730 days prior to filing his Petition, so the debtor sought to claim exemptions under the laws of Colorado, the debtor's former state of residence. However, the Colorado exemption statute, like the Florida and New York statutes, limits the right to claim exemptions to residents of the state on the date of commencement of the case. Consequently, the court found the debtor could not use the Colorado exemptions, but was eligible to use the federal exemptions pursuant to the "saving provision" in Section 522(b)(3). *Id.* at 221. The Debtor correctly asserts that the Indiana exemption statute mirrors the statutes discussed in the foregoing cases and, therefore, he should be permitted to claim the federal exemptions in Section 522(d) of the Bankruptcy Code.

■■■ It is evident from the foregoing that the Debtor did not reside in the state of Florida for the 730 days preceding the date his Petition was filed, thus the Debtor is not entitled to claim Florida exemptions. This being the case, ordinarily the Debtor would have to claim exemptions under the laws of his state of residence prior to becoming a resident of the state of Florida. However, under the applicable laws of the state of Indiana, specifically, Indiana Code Section 34–55–10–2(c)(2005), the exemption is limited to Debtors who are domiciled in the state of Indiana on the date of commencement of a case. It is clear from the record that on the date of the commencement of the case in Florida the Debtor did not reside in the state of Indiana. Consequently, the Debtor is not eligible to claim benefits under the laws of either Indiana or Florida. The final sentence of Bankruptcy Code Section 522(b)(3) thus governs the Debtor's right to claim exemptions; Section 522(d), the newly established federal exemptions, therefore apply in this Debtor's case.

In sum, this Court is satisfied that the Debtor's position is correct; inasmuch as the Debtor cannot claim either Florida exemptions or exemptions under the laws of Indiana, his former residence, he is entitled to claim exemptions under Section 522(d) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED, that the Trustee's Objection to Claim of Exemption (Doc. No. 17) be, and the same is hereby overruled. It is further

ORDERED, ADJUDGED, AND DE-CREED, that the Debtor's claim of exemption under Section 522(d) of the Bankruptcy Code be, and the same is hereby allowed.