**In re Thomas Patrick CAULEY,
Debtor.**

No. 06–2977–3F7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 19, 2007.

Robert Altman, Palatka, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon AmSouth Bank's Objection to Debtor's Claim of Exemptions. The Court conducted a hearing on the matter on December 13, 2006. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

Debtor filed a Chapter 7 bankruptcy petition on September 7, 2006 (the "Petition Date"). From July, 2006 until the Petition Date Debtor lived in Delaware. Prior to that Debtor lived in Alabama from May 2002 until April 2005, in Florida from April 2005 until July 2005, and in Louisiana from July 2005 until July 2006.

On July 15, 2006 Debtor received an $83,000.00 wage bonus, which was direct deposited into a joint account with his wife in Ruston, Louisiana (the "Louisiana Account"). Although Debtor presented no bank statement or deposit slip evidencing the deposit, Debtor conceded that the Louisiana Account contained other funds. On July 21, 2006, $88,058.00 was transferred from the Louisiana Account into a joint account Debtor held with his wife in a bank in Delaware (the "Wilmington Trust Joint Account"). (Debtor's Exs. 1, 2.) Debtor testified that the $88,058.00 consisted of the $83,000.00 bonus and $5,058.00 in wages from a new employer. Prior to the deposit, there was $15,000.00 in the Wilmington Trust Joint Account. (Debtor's Ex. 2.) Thereafter, Debtor's wife transferred $80,000.00 from the Wilmington Trust Joint Account to an account in her name only (the "Wilmington Trust Individual Account"). The Wilmington Trust Individual Account already contained approximately $25,000.00. Debtor testified that the money already in the account was from his new employer and was for moving and other expenses of the transfer to the new job. On July 26, 2006 and August 2, 2006 Debtor's wife transferred $10,000.00 and $50,000.00 respectively from the Wilmington Trust Individual Account to her individual account at PNC Bank in Delaware (the "PNC Account"). (Debtor's Exs. 4 and 5.)

On March 24, 2005 Debtor and his wife purchased real property in Orange Park Florida (the "Orange Park Property"). The Debtor and his wife lived in the Orange Park Property from April 2005 to July 2005.

On Schedule C of his bankruptcy petition Debtor claimed as exempt: 1) $54,583.97 of $72,778.63 of a "wage bonus held in wife's Bank account" (the "Wage Bonus") and 2) the Orange Park Property. AmSouth objected to Debtor's claim of exemptions, asserting that the Wage Bonus was not exempt because it had been

commingled with other funds and the exemption as to the Orange Park Property should be limited to the $5,000.00 Alabama homestead exemption.

### Conclusions of Law

Upon filing for bankruptcy protection, all property belonging to a debtor becomes property of the estate. See 11 U.S.C. § 541 (2006). Section 522 of the Bankruptcy Code allows a debtor to retain assets, which are exempt from the bankruptcy estate. Section 522 permits a debtor to use the exemptions set forth in: 1) § 522(d) or the exemptions permitted by state or local law as authorized by § 522(b)(3)(A) [1] and 2) an interest in tenancy by the entireties property as authorized by § 522(b)(3)(B). [2]

### Wage Bonus Exemption

Debtor's entitlement to claim the Wage Bonus as exempt is governed by § 522(b)(3)(A) which provides that a debtor may claim property exempt under state law:

> that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in

which the debtor's domicile was located for 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than in any other place;

Stated another way, in order for a debtor to claim property as exempt under the law of his domicile state on the date he filed his petition, he must have resided in that state for 730 days or two years prior to the date of the filing of the petition. If the debtor has not resided at least two years in that state, he can claim the exemptions available in the state in which he resided for the greater part of 180 days or 6 months prior to the 730–day period before the date of the filing of the petition.

■ Debtor filed his bankruptcy petition on September 7, 2006. Although Debtor's domicile state on the Petition Date was Delaware [3], during the 730 day period immediately preceding the Petition Date, September 7, 2004 to September 6, 2006, Debtor lived in Alabama, Florida, Louisiana, and Delaware. Because Debtor did not live in Delaware for the two years before the Petition Date, the Court must look to the 180 days prior to the two years prior to the Petition Date. Debtor lived in Alabama for the entire 180 days prior to the two years prior to the Petition Date. The parties stipulated that the law of Ala-

---

1. A number of states have opted out of the federal exemption scheme and require bankruptcy debtors to claim only those exemptions permitted by state law.

2. Section 522(b)(3)(B) is available to all bankruptcy debtors regardless of which exemption scheme is applicable.

3. The Court notes that AmSouth has not objected to venue in the case. Section 1408 of Chapter 28 of the United States Code provides that a bankruptcy case "may be commenced in the district court for the district— (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the

person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district;" A bankruptcy case is presumed to have been filed in the proper venue. *Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir.1998). Accordingly, In the absence of an objection, the Court declines to address the propriety of venue in the instant case.

bama applies to the Debtor's claim of exemption for his wage bonus.[4]

Alabama's wage exemption, Alabama Code § 6–10–7, provides in pertinent part:

(a) The wages, salaries, or other compensation of laborers or employees, residents of this state, for personal services, shall be exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgments entered in tort in an amount equal to 75 percent of such wages, salaries, or other compensation due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries, or other compensation shall be void. The court issuing the writ or levy shall show thereon the amount of the claim of the plaintiff and the court costs in the proceedings. If at any time during the pendency of the proceedings in the court a judgment is entered for a different amount, then the court shall notify the garnishee of the correct amount due by the defendant under the writ or levy. The garnishee shall retain 25 percent of the wages, salaries, or other compensation of the laborer or employee during the period of time as is necessary to accumulate a sum equal to the amount shown as due by the court on the writ or levy.

Relying on *Citronelle–Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180 (11th Cir.1991), AmSouth argues that once exempt funds are commingled with other funds, they lose their exempt status. Debtor argues that the statute does not require the strict segregation of funds and that *Watkins'* reasoning does not reference Alabama Code § 6–10–7 or any other Alabama case or statute. In *Watkins* an individual judgment debtor objected to the garnishment of $43,486.07, an amount comprised of a $39,750.00 check and three checks totaling $3,736.07, which had been paid into the registry of the court. *Id.* at 1190. The debtor contended that the money was exempt as wages under Alabama Code § 6–10–7. *Id.* at 1190–1191. The Eleventh Circuit rejected the debtor's argument. *Id.* at 1191. The court noted that the district court had found that the debtor's receipt of a $39,750.00 check "was a lump sum and not a 'periodic payment . . . needed to support the wage earner and his family on a week-to-week, month-to-month basis.'" *Id.* The Eleventh Circuit recognized that the remaining payment of $3,736.07, representing three checks from the debtor's wholly owned subchapter S corporation, were made on a periodic basis, but noted that "they were arguably not for personal services to benefit [the corporation]." *Id.* The court went on to state that "[e]ven if these other three checks were for personal services, once commingled with other funds, they lost any exempt status that they may have had." *Id.*

The court pointed to the Ninth Circuit Court of Appeals case of *Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107 (9th

---

4. The Court notes that its application of the Alabama Statute to the exemption of the Wage Bonus is based solely on the parties' stipulation that Alabama law applies. The Court is not specifically ruling on the issue of whether Alabama law applies. Several bankruptcy courts in Florida have held that an individual who was not domiciled in the state where he filed his bankruptcy petition during the 730 days prior to the petition was not entitled to use the exemptions of the state where he was domiciled during the 180 days

prior to that because he was not domiciled in that prior state at the time he filed his petition, and the exemptions of the prior state were available only to its residents. *In re West*, 352 B.R. 905, 906 (Bankr.M.D.Fla. 2006); *In re Crandall*, 346 B.R. 220, 221 (Bankr.M.D.Fla.2006); *In re Underwood*, 342 B.R. 358, 361 (Bankr.N.D.Fla.2006). In each instance the debtor was entitled to claim only the federal exemptions. *Id.* at 907; *Id.* at 222; *Id.* at 362.

Cir.1978) in which the court determined that "a bank account has neither an element of periodicity not the critical relationship to a person's subsistence that a paycheck does" and held that funds deposited in a bank account, including paychecks were subject to garnishment. *Id.* at 111. The Eleventh Circuit found the Ninth Circuit's reasoning to be applicable, given the fact that the judgment debtor had left for Switzerland with over $10 million and had not had to rely on any of the money deposited in the bank account to support himself and his family. *Watkins,* 934 F.2d at 1191.

 While the Eleventh Circuit noted that the Ninth Circuit's reasoning in *Usery* was well suited to the case, given the particular circumstances therein, the court's holding that once the checks were commingled with other funds they lost any exempt status they may have had, does not appear to have been conditioned on such circumstances. The Court finds that *Watkins* stands for the proposition that once exempt funds representing compensation for personal services are commingled with other funds they lose the protection from garnishment set forth in § 6–10–7.[5] Even if it were not the case that commingling in and of itself is sufficient to take away the protection of the statute, the factual circumstances in the instant case would render it impossible to trace the debtor's wage bonus. During an approximate two-week period Debtor's wage bonus was in four different accounts, all of which already contained funds. As AmSouth points out, it would be impossible to trace the initial wage bonus deposit through the transfers as well as the almost daily deposits and credits of the debtor and his wife's joint banking account. Accordingly, the

Court finds it appropriate to sustain AmSouth's objection to Debtor's claim of exemption of the Wage Bonus.

### The Orange Park Property

 Initially, AmSouth argues that Debtor cannot claim the Orange Park Property as exempt under Delaware law because he was not a Delaware resident for the required length of time set forth in § 522(b)(3)(A). However, § 522(b)(3)(A) does not apply to the Orange Park Property. As the Court previously noted, the exemptions set forth in § 522(b)(3)(B) are in addition to those exemptions under state or local law authorized by § 522(b)(3)(A). Whether the property is exempt as tenancy by the entireties is governed by § 522(b)(3)(B), which provides as follows:

> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law;

AmSouth asserts that the "applicable nonbankruptcy law" to which § 522(b)(3)(B) refers is Fla. Stat. § 222.20, Florida's opt-out statute which provides that Florida residents are entitled only to those exemptions set forth in the Florida Constitution and the Florida Statutes. AmSouth asserts that because § 222.20 applies only to Florida residents and Debtor was not a Florida resident on the Petition Date, that he is not permitted to claim the property exempt as tenancy by the entireties. The "applicable nonbankruptcy law" in this instance is Florida law, the state in which

---

**5.** Debtor's arguments that: 1) Alabama Code § 6–10–7 does not require the strict segregation of funds and 2) that *Watkins* neither references that statute nor any other Alabama case or statute are not compelling. While the statute itself may not require the strict segre-

gation of funds, the Eleventh Circuit's holding, to which this Court is bound, does. Moreover, Debtor's dissatisfaction that *Watkins* does not base its holding on another Alabama case or statute does not undermine its precedential value.

the Orange Park Property is located. See *In re Cochrane,* 178 B.R. 1011, 1020 (Bankr.D. Minn.1995) (noting that sole determinant of whether § 522(b)(2)(B) protects bankruptcy debtor's asset from claims of bankruptcy estate is the asset's situs). However, a tenancy by the entirety is a creature of Florida common law, *Beal Bank, SSB v. Almand & Assoc.,* 780 So.2d 45, 53 (Fla.2001), not an exemption which is "given to a resident[ ] of [Florida] by the [Florida] constitution [or] the Florida Statutes" as set forth in § 222.20. Section 222.20 does not apply to tenancy by the entirety property and does not therefore preclude a non-resident of Florida from claiming property located in Florida as exempt as tenancy by the entirety. Additionally, the Court has not found any authority to support the proposition that an individual claiming Florida real property exempt as tenancy by the entireties must be a resident of Florida. The Court finds that no such requirement exists. Accordingly, Debtor's interest in the Orange Park Property is exempt from process under "applicable non-bankruptcy law". Additionally, there is no dispute that Debtor owned an interest in the property as a joint tenant immediately before the commencement of the case. Because Debtor's ownership of the Orange Park Property satisfies the requirements set forth in § 522(b)(3)(B), the Orange Park Property is not property of the bankruptcy estate and AmSouth's objection to the exemption thereto must be overruled. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

### ORDER SUSTAINING IN PART AND OVERRULING IN PART AMSOUTH BANK'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

This case came before the Court upon AmSouth Bank's Objection to Debtor's Claim of Exemptions. Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. AmSouth Bank's Objection to Debtor's Claim of Exemptions is sustained in part and overruled in part.
2. AmSouth Bank's Objection to the exemption of Debtor's wage bonus is sustained. Debtor's wage bonus is not exempt.
3. AmSouth's Objection to the exemption of the property owned by Debtor at 1755 County Walk Drive in Orange Park, Florida (the "Orange Park Property") is overruled. The Orange Park Property is exempt from the claims of Debtor's creditors.